UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MISSOURI
EASTERN DIVISION

| | |
|---|---|
| LORI MAZZOLA, | ) |
| | ) |
| Plaintiff, | ) |
| | ) |
| vs. | ) Case No. 4:13CV786 CDP |
| | ) |
| ST. ANTHONY'S MEDICAL CENTER, | ) |
| | ) |
| Defendant. | ) |

**MEMORANDUM AND ORDER**

Plaintiff Lori Mazzola has sued her former employer, St. Anthony's Medical Center (SAMC), for employment discrimination under Title VII of the Civil Rights Act of 1964 and the Rehabilitation Act. *See* 42 U.S.C. §§ 2000e, *et seq.*; 29 U.S.C. §§ 794, *et seq*. SAMC has moved to dismiss, or in the alternative, for a more definite statement. Because Mazzola's complaint is too vague for SAMC to prepare a response, especially with respect to the timeline of the alleged discrimination, I will order Mazzola to amend it. As such, I will not address SAMC's motion to dismiss at this time; I will deny it without prejudice.

**I.    Background**

The timeline is somewhat obscure. However, it appears that Mazzola worked as a registered nurse for SAMC from October 2000 until her discharge on June 18, 2012. She alleges that she filed an EEOC charge on February 26, 2012.

Mazzola alleges that, sometime during her employment, she experienced discrimination because of her race (white), gender (female), and disabilities, some of which are neck, shoulder, and back pain, numb hands, post-traumatic-stress disorder, migraines, and major depression. Mazzola alleges that she was harassed by other employees and denied reasonable accommodations. She alleges that she told her supervisors but they failed to act. She also alleges that she was subjected to different standards than other employees, to whom defendants gave easier work; that SAMC disciplined Mazzola after she complained that she was not given accommodations; that SAMC did not accurately record Mazzola's attendance or performance; that SAMC failed to cross-train her; and that she was "disrespected, yelled at and talked down to" by her supervisors.

## II. Defendants' Motion for More Definite Statement

Fed. R. Civ. P. 12(e) allows a party to make a motion for more definite statement if a pleading is so vague or ambiguous that the party cannot reasonably prepare a response. A motion under Rule 12(e) should address the unintelligibility of a pleading rather than want of detail. Because a motion for more definite statement is not a substitute for discovery, one cannot use it to test a case or require the pleader to allege certain facts or retreat from certain allegations. *Tinder v. Lewis Cnty. Nursing Home Dist.*, 207 F. Supp. 2d 951, 960 (E.D. Mo. 2001); Fed.

R. Civ. P. 8(a)(2) (requiring only that a complaint contain "a short and plain statement of the claim showing that the pleader is entitled to relief"). When, however, a "pleading fails to specify the allegations in a manner that provides sufficient notice," a defendant can move for a more definite statement under Rule 12(e) before responding. *Swierkiewicz v. Sorema N.A.*, 534 U.S. 506, 514 (2002).

In this case, Mazzola fails to provide even approximate dates for the discrimination and harassment she allegedly experienced. Though she listed some alleged acts of discrimination that occurred from March 23, 2012 "to date" (Compl., ¶ 8), she also writes that she filed her EEOC charge on February 26, 2012 – before any of the enumerated acts of discrimination occurred. Therefore, Mazzola has not provided SAMC with notice of the timeframe for any of the allegedly discriminatory acts prompting her EEOC charge and this case. In her amended complaint, Mazzola must include information regarding *when* she was denied reasonable accommodations; subjected to different employment standards and inaccurate reporting of attendance and performance; disciplined for complaining that she was denied accommodations; and not cross-trained. She should also attach a copy of her EEOC charge.

Further, Mazzola names some of her supervisors, alleging that they knew about her disabilities and knew that she had "been a target of chronic workplace

assaults and/or harassment from other Employees." (Compl., ¶ 8(a).) But Mazzola does not identify the other employees that allegedly assaulted and/or harassed her. In addition, she alleges that she was "subjected to different employment standards" than black, male employees but does not identify either these employees or explain how the standards differed. In her amended complaint, Mazzola must more specifically describe how she was harassed and treated differently and by whom, to the best of her ability.

Finally, though Mazzola listed some physical and mental impairments, she states that her disabilities were "included but not limited to" the impairments she listed. (Compl., ¶ 7.) In order to respond to her Rehabilitation Act claim, SAMC must know how Mazzola is alleging that she is a "qualified individual with a disability." *Wojewski v. Rapid City Regional Hosp., Inc.*, 450 F.3d 338, 344 (8th Cir. 2006) (elements of Rehabilitation Act claim). In her amended complaint, Mazzola should state whether she has additional impairments that render her disabled.

Based on the foregoing,

**IT IS HEREBY ORDERED** that defendant's motion to dismiss, or in the alternative, for a more definite statement [#5], is granted in part. Defendant's motion to dismiss is denied without prejudice. Defendant's motion for a more

definite statement is granted.  No later than **October 4, 2013**, plaintiff must amend her complaint in accordance with this Memorandum and Order and the Federal Rules of Civil Procedure.  Defendant must respond no later than 20 days after the complaint is filed or by **October 24, 2013**, whichever is earlier.

                                                                      _/s/ Catherine D. Perry_
                                                                      CATHERINE D. PERRY
                                                                      UNITED STATES DISTRICT JUDGE

Dated this 16th day of September, 2013.