UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MISSOURI
EASTERN DIVISION

| | |
|---|---|
| LORI MAZZOLA, ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| vs. ) | Case No. 4:13CV786 CDP |
| ) | |
| ST. ANTHONY'S MEDICAL CENTER,) | |
| ) | |
| Defendant. ) | |

## **MEMORANDUM AND ORDER**

This action is before me on defendant St. Anthony's Medical Center's second motion to dismiss or, in the alternative, for a more definite statement. I granted defendant's first motion for a more definite statement in part and ordered the plaintiff, Lori Mazzola, to amend her complaint in several specific ways. Although Mazzola did not comply completely with my order, I find that most of her complaint is now clear enough for defendant to prepare a response, so I will deny the motion. However, as described below, I will limit Mazzola's claims to those which she alleges with sufficient detail.

To recap, Mazzola has sued St. Anthony's Medical Center (SAMC), her former employer, for employment discrimination under Title VII of the Civil Rights Act of 1964 and the Rehabilitation Act. Mazzola worked as a registered

nurse for defendant from October 2000 until her discharge on June 18, 2012. She now alleges that she filed an EEOC charge on February 5, 2013.

Mazzola alleges that she experienced discrimination because of her race (white), gender (female), and disabilities, some of which are neck, shoulder, and back pain, numb hands, post-traumatic-stress disorder, migraines, and major depression. Mazzola alleges that she was harassed by other employees and denied reasonable accommodations. She alleges that she told her supervisors but they failed to act. She also alleges that she was subjected to different standards than other employees, to whom SAMC gave easier work; that SAMC disciplined Mazzola after she complained that she was not given accommodations; that SAMC did not accurately record Mazzola's attendance or performance; that SAMC failed to cross-train her; and that she was "disrespected, yelled at and talked down to" by her supervisors.

One of the fatal problems with her previous complaint was that Mazzola failed to provide even approximate dates for the discrimination and harassment she allegedly experienced. I ordered her to amend her complaint to include this information. Now, she alleges that SAMC discriminated against her "beginning on, around and after the 23rd day of March, 2012 until Plaintiff was discharged by Defendant on or about the 18th day of June, 2012." (Am. Compl. ¶ 3.) This would

ordinarily be clear enough for SAMC to formulate a response, but Mazzola gives conflicting dates at other points in the complaint. (*See id.* ¶¶ 8(a), (c)). Since Mazzola has failed to comply with my order that she clarify when she was subjected to discrimination and harassment, she is limited to asserting claims based on that date range, and defendant SAMC should answer as such.

Another problem in the prior complaint was that Mazzola failed to identify who harassed her and treated her differently. Although she has added some individuals' names at various places in her complaint, she still does not identify who harassed her or treated her differently. Instead, she alleges that certain individuals "knew" that she was subject to different employment standards, "were aware of" her concerns about her father's death at SAMC, and "were aware of" her April 2012 application for FMLA leave.[1] (*Id.* ¶¶ 8(c), (e), (f).) With the exception of Mazzola's allegations in paragraph 8(d) and 8(g) – that Ronnie Buckingham attempted to demote her on two occasions, that she provided information about her disabilities to various people, and that Buckingham and Debra Welsh terminated her – these allegations still do not comply with my order. Therefore, Mazzola may not assert any claim based on workplace assault or harassment or a hostile work environment. Though she claims that she "would have no idea" what other

---

[1] Plaintiff does not assert any claims under the FMLA.

employees were involved, the fact is that she *would* know who harassed or assaulted her or subjected her to a hostile work environment, but she failed to allege these claims sufficiently.

Finally, in her initial complaint, Mazzola listed some physical and mental impairments but stated that her disabilities were "included but not limited to" the impairments she listed. I specifically ordered Mazzola to list all of her alleged disabilities so that SAMC could respond to her Rehabilitation Act claim. Mazzola apparently did not even attempt to comply with this portion of my order. As such, she is limited to asserting claims based on the impairments she has listed in her amended complaint at paragraphs 7 and 8(f). SAMC should respond in kind.

Accordingly,

**IT IS HEREBY ORDERED** that defendant's second motion to dismiss, or in the alternative, for a more definite statement [#14] is denied. Defendant shall file an answer to plaintiff's amended complaint, as modified by this Memorandum and Order, no later than **February 14, 2014**.

**IT IS FURTHER ORDERED** that because she failed to comply with my order dated September 16, 2013, plaintiff will be limited to asserting claims based on events that occurred between March 23, 2012 and June 18, 2012 and to claims based on the impairments she has listed in paragraphs 7 and 8(f) of her amended

complaint. She may not assert any claims based on workplace assault or harassment or a hostile work environment.

_____
CATHERINE D. PERRY
UNITED STATES DISTRICT JUDGE

Dated this 30th day of January, 2014.